UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

CALVIN WINDLEY, a/k/a Calvin
Brown, a/k/a Travers Williams,
Defendant-Appellant.

No. 99-4574

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CR-98-694)

Submitted: June 20, 2000

Decided: June 30, 2000

Before WIDENER, MURNAGHAN, and MICHAEL,
Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Sean
Kittrell, Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin Windley appeals the district court's denial of his motion to suppress evidence, acceptance of his guilty plea, and calculation of his sentence. We affirm the district court's denial of the motion to suppress and acceptance of Windley's guilty plea. However, we vacate Windley's sentence and remand for resentencing.

Windley first contends that agents of the Drug Enforcement Administration ("DEA") seized him without reasonable suspicion either when they initially approached him at a train station or when they later questioned him prior to discovering drugs in his possession. We review the underlying factual findings made pursuant to a district court's suppression determination for clear error, but review the legal conclusions de novo. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Additionally, we must construe the evidence in the light most favorable to the Government, the prevailing party below. See id.

Windley asserts that the district court's factual findings are clearly erroneous, citing to contradictions between the court's findings and his own testimony. We must, however, give great deference to the district court's finding that Windley was not a credible witness. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987). While Windley asserts that the district court provided no basis for finding his testimony incredible, the record clearly shows that the district court rejected Windley's testimony due to internal inconsistencies, inconsistencies between it and the testimonies of DEA agents, and the district court's observation of Windley's demeanor. Because Windley proffers no specific evidence to contradict the district court's finding that his testimony was incredible, we therefore find that the district court's factual findings are not clearly erroneous.

2

The district court's findings undercut the bases for Windley's claims that agents seized him prior to discovering drugs. Windley contends he was seized when DEA agents initially approached him because he was physically blocked and no one told him he was free to leave. But the district court found he was not physically blocked and the record supports this factual determination. Further, Windley's claim that no one told him he was free to leave, while true, does not compel a finding that a seizure occurred. See Ohio v. Robinette, 519 U.S. 33, 39-40 (1996). The overarching question is whether a reasonable person in the suspect's position would have felt free to leave. See United States v. Sullivan, 138 F.3d 126, 132 (4th Cir. 1998). Because the DEA agent approached Windley in an open and public place and Windley indicated his willingness to cooperate, we find a reasonable person would have believed he was free to leave during this initial contact. See Florida v. Bostick, 501 U.S. 429, 438 (1991); Florida v. Royer, 460 U.S. 491, 497 (1983).

Windley next contends that DEA agents later seized him during their questioning because they surrounded him and, again, did not inform him he could leave. The record supports the district court's finding that no one grabbed, touched, or crowded Windley, and that no agent spoke to Windley harshly, told him he could not leave, or used threats, intimidation, or coercion to gain his cooperation. Windley's claim that no one told him he was free to leave is nondispositive, for reasons already discussed. Finally, we reject Windley's assertion that the agents transformed the encounter into a seizure when they directly asked him whether he possessed drugs, thereby narrowing the focus of their investigation to him. Even an officer's repeated inquiries as to whether a citizen possesses illegal objects does not transform an encounter into a seizure implicating the Fourth Amendment. See Sullivan, 138 F.3d at 132-33.

Windley next contends that the district court erred when calculating his base offense level pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (1998), the career offender enhancement penalty. We agree. Windley's career offender offense level was calculated at 34, presumably based on the view that his prior felony drug convictions qualified him for an enhanced statutory maximum of thirty years. See 21 U.S.C.A. § 841(b)(1)(C) (West 1999); USSG§ 4B1.1. Because the Government did not file an information pursuant to 21 U.S.C.A.

3

§ 851 (West 1999), the district court should have based Windley's career offender offense level on § 841(b)(1)(C)'s unenhanced statutory maximum; here, twenty years. See United States v. LaBonte, 520 U.S. 751, 754 n.1 (1997). A twenty year statutory maximum yields the career offender a base offense level of 32. See USSG § 4B1.1. After reducing three levels for acceptance of responsibility, Windley's total offense level would have been 29. This total offense level, coupled with the mandated criminal history category of VI, see USSG § 4B1.1, yields a guidelines range between 151 to 188 months incarceration. In contrast, the guidelines range used during Windley's sentencing was 188 to 235 months incarceration. Because sentencing under a wrong guidelines range constitutes reversible error, even under a "plain error" standard, we are constrained to vacate the sentence and remand for resentencing. See United States v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996).

Windley next alleges that both the Government and the district court failed to inform him prior to his plea hearing that USSG § 4B1.1 could enhance his sentence. Windley argues that this failure constituted a violation of his constitutional rights, thereby precluding him from entering a knowing and voluntary guilty plea. This argument lacks merit. Neither the Government nor the district court is required to determine or inform a defendant of the applicable sentencing range prior to acceptance of the guilty plea. See United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995); United States v. DeFusco, 949 F.2d 114, 118-19 (4th Cir. 1991). In Foster, we specifically rejected the contention that before the court may apply the career offender enhancement under the Sentencing Guidelines, the government must notify the defendant of the enhancement's potential application by filing a § 851 information. See Foster, 68 F.3d at 89. Because Windley's claim challenging the voluntariness of his guilty plea rests solely on the meritless assertion that failure to receive notice of the career offender enhancement constitutes a constitutional violation, this claim also fails.

Finally, Windley contends that counsel rendered ineffective assistance by failing to file objections to the presentence report's recommendation to apply the career offender enhancement and by failing to inform him of the possible application of this sentencing enhancement in the event of a guilty plea. We find, however, that these claims are

4

more properly raised on collateral review because the record does not conclusively demonstrate that counsel rendered ineffective assistance. See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994).

Accordingly, we affirm the district court's denial of Windley's motion to suppress evidence and the acceptance of his guilty plea. However, we vacate Windley's sentence and remand for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

5