UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ALVIN WAYNE HARDESTY, JR.,
          *Defendant-Appellant.*

No. 00-4514

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-98-299-AW)

Submitted: June 5, 2002

Decided: July 22, 2002

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

## COUNSEL

Marvin D. Miller, LAW OFFICES OF MARVIN D. MILLER, Alex-
andria, Virginia, for Appellant. Lynne A. Battaglia, United States
Attorney, Odessa P. Jackson, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

**OPINION**

PER CURIAM:

Alvin Wayne Hardesty, Jr., pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2002). The district court sentenced Hardesty to a 292-month prison term to be followed by five years of supervised release. On appeal, Hardesty contends that the district court abused its discretion in denying his motion to withdraw his guilty plea, that he should have received notice before the court used prior convictions to classify him as a career offender, that his sentence violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that the district court erred in refusing to depart from the sentencing guideline range. We affirm in part and dismiss in part.

Hardesty first challenges the district court's conclusion that he failed to articulate a "fair and just reason" to withdraw his guilty plea. Hardesty claims that counsel misinformed him regarding the applicable criminal history category and that counsel failed to realize that Hardesty could be sentenced as a career offender. We have thoroughly reviewed the record and conclude that the district court properly applied the six-factor test in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Thus, the court did not abuse its discretion in denying Hardesty's motion to withdraw his guilty plea. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (stating standard of review).

Next, Hardesty argues that notice under 21 U.S.C. § 851 (West 1999), is required before punishment can be enhanced for being a career offender under *U.S. Sentencing Guidelines Manual* § 4B1.1 (1998). Hardesty's argument is foreclosed by our decision in *United States v. Foster*, 68 F.3d 86, 89 (4th Cir. 1995) (holding that the § 851 notice requirement does not apply when government seeks enhancements under sentencing guidelines, rather than statutory enhancement). Thus, Hardesty is not entitled to relief on this claim.

Hardesty also contends that, under *Apprendi*, the district court could not sentence him to a term of incarceration greater than the twenty-year statutory maximum for an unspecified drug amount. We find no plain error in the district court's imposition of a 292-month sentence. Hardesty stipulated in the plea agreement and factual basis supporting the plea that he abandoned a duffel bag containing 191 grams of crack—nearly four times the threshold drug amount for an enhanced sentence under § 841(b)(1)(A). *See United States v. Cotton*, 122 S. Ct. 1781, 1785-86 (2002) (holding that failure to charge drug quantity in indictment did not affect fairness, integrity, or public reputation of judicial proceedings where evidence was "overwhelming" and "essentially uncontroverted" that offense involved threshold drug quantity for enhanced sentence).

Finally, Hardesty contends that the district court erred in failing to depart on the ground that his criminal history category overstated the seriousness of his criminal history or the likelihood that he would commit further crimes. Because the district court recognized that it had the authority to depart but chose not to, this claim is not reviewable on appeal. *United States v. Edwards*, 188 F.3d 230, 239 (4th Cir. 1999) (internal quotation marks and citations omitted).

Accordingly, we affirm Hardesty's conviction and sentence and dismiss his challenge to the district court's refusal to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND DISMISSED IN PART*