**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 01-4941

TERRENCE J. WHITE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Leonie M. Brinkema, District Judge.
(CR-01-190)

Submitted: August 15, 2002

Decided: August 21, 2002

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stanley W. Preston, Jr., PRESTON LAW FIRM, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terrence J. White appeals his jury conviction and sentence on a charge of distribution of cocaine base, in violation of 21 U.S.C.A. § 841 (West Supp. 1999). He was sentenced to 210 months imprisonment, three years supervised release, and a $100 special assessment. White's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), claiming one error, but concluding that there are no meritorious grounds for appeal. White was notified of his right to file an additional brief, which he did, raising claims of ineffective assistance of counsel and a claim of a defective indictment. In accordance with the requirements of *Anders*, we have examined the entire record and find no meritorious issues for appeal.

By counsel, White claims that the trial court erred in sentencing him as a career offender under USSG § 4B1.1, when the government failed to file an information pursuant to 21 U.S.C. § 851(a). This court has previously held that § 851 does not extend to enhancements under the Guidelines, *United States v. Foster*, 68 F.3d 86 (4th Cir. 1995), and we decline to hold otherwise here.

In his supplemental *pro se* brief, White claims that his attorney was ineffective for failure to timely object to the sufficiency of the indictment, the range of variance and conjecture used by the prosecutor, and for failing to file timely motions and objections at trial. The foundation of each of these claims is in White's claim that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), insofar as his indictment failed to charge the amount of drugs involved. White also specifically challenges his indictment as directly violative of *Apprendi*. Because White's sentence was below the statutory maximum of twenty years, his *Apprendi* claims based upon the indictment and ineffectiveness of counsel must fail.

Accordingly, we affirm White's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*