**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

RORY LEGON GOODLETT,
　　　　　　*Defendant-Appellant.*

No. 02-4274

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-01-639)

Submitted: September 19, 2002

Decided: October 1, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Thomas G. Nessler, Jr., Greenville, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rory Legon Goodlett pled guilty to bank robbery, 18 U.S.C. §§ 2113(a), 2 (2000), and was sentenced to a term of 180 months imprisonment, to be followed by three years supervised release, and ordered to pay $385.50 in restitution. Goodlett's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as potentially meritorious issues the district court's decision to sentence Goodlett as a career offender and its refusal to depart downward for substantial assistance without a government motion, but asserting that in his view there are no meritous issues for appeal. Goodlett has filed a pro se supplemental brief raising three additional issues and requesting leave to supplement the record. We grant Goodlett's motion to supplement and affirm.

We find first that the district court properly sentenced Goodlett as a career offender. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2001). Goodlett had prior convictions for numerous instances of burglary and one conviction for housebreaking. He was sentenced for all these offenses on the same day in 1989. Goodlett argued at sentencing that the cases were related and should be treated as one prior offense. *See* USSG § 4A1.2, comment. (n.3). However, Goodlett was arrested for the burglaries before he committed the housebreaking. Because of this intervening arrest, the district court was required to consider the burglaries and the housebreaking as separate offenses. *Id.* We also find no error in the district court's decision not to depart under USSG § 5K1.1 because a government motion for such a departure is required. *Wade v. United States*, 504 U.S. 181, 185 (1992). The court found no evidence that the government's failure to move for a departure was based on an unconstitutional motive or unrelated to a legitimate government end and thus had no basis for further inquiry. *Id.* at 186.

In his pro se supplemental brief, Goodlett again contests his career offender sentence and further contends that the district court lacked authority to sentence him as a career offender because the government failed to give timely notice, under 18 U.S.C. § 851 (2000), that it would seek an enhanced sentence. However, this notice requirement

applies only to statutory sentence enhancements, not enhancements under the guidelines. *United States v. Foster*, 68 F.3d 86, 89 (4th Cir. 1995). Last, Goodlett maintains that the failure to include his prior convictions in the indictment as elements of the offense violated due process. He acknowledges that his position is in conflict with *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We find no error in this respect.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*