**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4680**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

SAM WESTRY,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-04-267)

Submitted:  May 31, 2006                 Decided:  June 22, 2006

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Michael Steven Dry, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sam Westry was convicted, following a bench trial, of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). At trial, Westry's motions for judgment of acquittal under Fed. R. Crim. P. 29 were denied. The district court sentenced Westry to 180 months' imprisonment, and Westry timely appealed.

Westry's appellate counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue: whether the Rule 29 motion was properly denied. Westry filed a pro se supplemental brief in which he alleges the following points of error: (1) the court failed to make an explicit finding at the sentencing hearing that he is an armed career criminal; (2) whether prior convictions may be used to enhance his sentence under Almendarez-Torres v. United States, 523 U.S. 224 (1998); and (3) that he did not have notice before his sentencing hearing that he would be sentenced as an armed career criminal. The Government declined to file a brief.

In a bench trial, "the judge weighs the evidence, determines the credibility of the witnesses, and finds the facts . . . [and] may select among conflicting inferences to be drawn from the testimony." United States v. Bales, 813 F.2d 1289, 1293 (4th Cir. 1987). The denial of a Rule 29 motion is reviewed de novo. United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004),

cert. denied, 125 S. Ct. 1828 (2005).  Westry stipulated that the firearm at issue had traveled in interstate commerce and that he had previously been convicted of a felony.  As to the only remaining element of the offense, possession of the firearm, Westry himself testified that he removed the firearm from someone else's truck and put it in his own truck, where it was found when Westry was stopped by police officers.  Viewing the evidence in the light most favorable to the Government, we find substantial evidence supports the verdict.  Glasser v. United States, 315 U.S. 60, 80 (1942).  Accordingly, the district court properly denied Westry's Rule 29 motions.

The claims raised in Westry's pro se supplemental brief are likewise meritless.  First, the district court adopted the presentence report, to which no objection was lodged,[*] and that report recommended sentencing Westry as an armed career criminal under U.S. Sentencing Guidelines Manual § 4B1.4.  Thus, it is clear that the district court found the armed career criminal enhancement applied.  Second, the Government need not allege in the indictment or prove beyond a reasonable doubt the prior convictions upon which a sentence is enhanced.  United States v. Cheek, 415 F.3d 349, 352-

---

[*]To the extent Westry contends his counsel was ineffective for failing to object to the prior convictions that were used to enhance his sentence, such a claim is not properly before us on direct appeal, but may instead be pursued in a motion pursuant to 28 U.S.C. § 2255 (2000).  See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

- 3 -

53 (4th Cir. 2005). Finally, Westry was not entitled to notice prior to the enhancement of his sentence as an armed career criminal. <u>See</u> <u>United States v. Foster</u>, 68 F.3d 86, 89 (4th Cir. 1995).

We have independently reviewed the entire record in this case in accordance with <u>Anders</u> and have found no meritorious issues for appeal. We therefore affirm Westry's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>