**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-5240**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY ASHLEY PADGETT,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-05-14)

—————————

Argued:  November 30, 2006          Decided:  May 10, 2007

—————————

Before MOTZ and DUNCAN, Circuit Judges, and Gerald Bruce LEE, United States District Judge for the Eastern District of Virginia, sitting by designation.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ARGUED:** John Charles Hunter, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Timothy Ashley Padgett appeals his conviction. This case concerns the use of Defendant Padgett's prior convictions to enhance his sentence for possession of 100 grams or more of a substance containing a detectable amount of pseudoephedrine with the intent to manufacture methamphetamine and conspiracy to manufacture methamphetamine. First, the Court must determine whether the District Court improperly sentenced Defendant Padgett as a career offender when: (1) he disputed that one of his prior convictions was not a crime of violence but rather a non-violent theft crime and the judge considered the prior conviction; (2) one of the predicate prior convictions for a crime of violence used to establish career offender status was not "counted" in the calculation of the Defendant's criminal history points; (3) two prior felony convictions that were crimes of violence or controlled substance offenses were not admitted by the Defendant, included in the indictment, nor submitted to a jury and found beyond a reasonable doubt; and (4) Defendant failed to receive notice prior to any enhancement of his sentence based on prior convictions in accord with 21 U.S.C. § 851. Second, the Court must determine whether the District Court abused its discretion when it admitted testimony related to prior bad acts of the Defendant under Federal Rules of Evidence 403 or 404(b).

2

The Court holds that (1) the face of the Judgment gave the District Court sufficient information to determine that the Defendant was convicted of a felony, not a non-violent theft crime; (2) simply because a predicate conviction was not "counted" in the criminal history points does not mean that it cannot be used to establish career offender status; (3) there is no need under current precedent to submit prior convictions in an indictment or to a jury to be found beyond a reasonable doubt; and (4) there is no need to receive notice under current precedent for enhancement of a sentence based on prior convictions. As to the evidentiary issue, the Court holds that the District Court did not abuse its discretion when it admitted testimony related to prior bad acts because the admission of the evidence was not arbitrary or irrational. Therefore, the District Court's rulings are affirmed.

## I. BACKGROUND

Timothy Ashley Padgett, Laura Lee Dryman, and Melody Suzette Nelson were jointly indicted on February 8, 2005. Defendant Padgett was charged with possession of 100 grams or more of a substance containing a detectable amount of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. 841(a)(1) and (c); and for conspiracy to attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. J.A. 7-8. After a jury trial, the jury found Defendant

guilty of both counts. The Pre-sentence Report ("PSR") noted an aggravated burglary in Humphreys County, Tennessee and a residential burglary in Cross County, Arkansas - these qualified the defendant for career offender status pursuant to United States Sentencing Guidelines § 4B1.1 with a resulting offense level of 34. J.A. 328-29. The Probation office counted four criminal history points for Defendant's nine prior convictions, and a total of 16 criminal history points. The final criminal history category of VI, matched with an offense level of 34, produced a Guideline sentence range between 262 and 327 months. J.A. 342.

Defendant objected to the PSR, arguing (1) that the aggravated burglary conviction from Tennessee was not a qualifying predicate conviction because the Code section referenced referred to theft of property and not burglary (J.A. 345); (2) the Arkansas conviction should not be considered a predicate conviction because it was not counted in the criminal history points (J.A. 345, 346); and (3) there was no notice by the government that it would rely upon prior convictions for sentencing enhancements pursuant to 21 U.S.C. § 851 (J.A. 345).

At trial, the Government presented the testimony of several witnesses: Detective Kenneth Cope of the Macon County Sheriff's Department (J.A. 21), Detective Don Willis (J.A. 49-50), Ms. Nelson, Ms. Dryman, Mr. Johnny Fortner (a fellow prisoner of Mr. Padgett in Macon County Jail) (J.A. 176, 178-79), Jennifer Johnson

4

of Lowe's (J.A. 189), and several law enforcement witnesses (a chemist, a Special Agent with the North Carolina State Bureau of Investigation, and a Special Agent with the Drug Enforcement Administration). Defendant objected to Ms. Nelson's testimony about car theft, shoplifting, casual drug use and a previous charge of manufacturing methamphetamine - Defendant argued this was prejudicial and not relevant. The Court issued a limiting instruction to the jury at the close of Ms. Nelson's testimony; the Court instructed the jury to disregard any testimony relating to any prior offense committed by Mr. Padgett during their deliberations.

On December 8, 2005, the Defendant was sentenced to 240 months for Count I and 262 months for Count II (to run concurrently). J.A. 316. Defendant's appeal is now before this Court.


## II. DISCUSSION

A. Standard of Review

This Court reviews de novo appeals arguing that a sentence was unconstitutionally imposed as a matter of law. United States v. Thompson, 421 F.3d 278, 280-81 (4th Cir. 2005). Under the Sentencing Guidelines, a criminal defendant qualifies as a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled

5

substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2002). A "crime of violence" constitutes

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.1(a).

The Court of Appeals reviews evidentiary rulings under the abuse of discretion standard. <u>United States v. Queen</u>, 132 F.3d 991, 995 (4th Cir. 1997). A decision by a district court judge to admit evidence under Federal Rule of Evidence 404(b) will not be overturned on appeal <u>unless</u> it was "'arbitrary or irrational.'" <u>United States v. Haney</u>, 914 F.2d 602, 607 (4th Cir. 1990).


B. Analysis

### 1. <u>Aggravated Burglary Charge</u>

The Court affirms the District Court's ruling that the Defendant's aggravated burglary charge was a crime of violence because the face of the Judgment gave the District Court sufficient information to determine that the Defendant was convicted of a felony, not a non-violent theft crime. As detailed above, crimes of violence are one of the categories of crime that contribute to

a Defendant being labeled a "career offender."  Burglary of a dwelling is considered a crime of violence under the United States Sentencing Guidelines. U.S. Sentencing Guidelines Manual § 4B1.1 app. 1.

"Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 543 U.S. 220, 244 (2005); Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998); United States v. Thompson, 421 F.3d 278, 281 (4th Cir. 2005).  The Supreme Court did not give judges the power to resolve "disputed fact[s]" about prior convictions if they needed to use data that was "not inherent in that prior conviction." Thompson, 421 F.3d at 281-82 (citing Shepard v. United States, 544 U.S. 13, 24-25 (2005)).  The Supreme Court "authorized judges to rely on a variety of conclusive court documents when determining the nature of a prior conviction." Id. at 281.  The Court in Thompson stated:  "Approved sources include, for instance, the prior court's jury instructions or the 'charging documents filed in the court of conviction.'" Id. at 281-82 (citing Shepard, 544 U.S. at 1259).  For prior guilty pleas, courts may look to "'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the

defendant, or [ ] some comparable judicial record of this information.'" Id. at 282 (citing Shepard, 544 U.S. at 1263).

Defendant argues that the District Court committed an error when it relied on a "prior conviction" for an alleged "crime of violence" about which there was a factual dispute which could not be resolved by the Court through simple reference to the charging document or the Judgment. Defendant argues that he had entered a plea agreement for theft of property, not a violent burglary felony offense. Defendant also argues that there was a clearly disputed factual issue here, and that the sentencing Court went far beyond the documents to which it should have looked when inquiring about the factual dispute. Also, argues Defendant, the Court applied a preponderance of the evidence standard here, when really the Court should have used a beyond a reasonable doubt standard. The Government responds that while there was a typographical error on the Tennessee aggravated burglary judgment of conviction, the other facts stated on that judgment all lead to the conclusion that Mr. Padgett was convicted of a violent felony.

We affirm the District Court judgment that the Defendant qualifies as a career offender because the judgment at issue indicates a crime of violence, not a non-violent crime. Even though Defendant argues that he entered a plea agreement for theft of property, not a violent burglary felony offense, examining the Judgment as a whole reveals that the theft of property citation was

a typographical error--all other indicators of the offense on the face of the Judgment point to a felony. J.A. 375; Appendix 1. The box for "felony" (as opposed to "misdemeanor") is checked in two different places on the Judgment. Id. The offense is listed as "Aggravated Burglary." Id. The sentence length and probation length are each four years. Id. Therefore, it is appropriate for this Court (and was appropriate for the District Court) to find that Defendant qualifies as a career offender because he was at least eighteen years of age at the time of the controlled substance offenses at issue here and had two prior felony convictions for crimes of violence (aggravated burglary and residential burglary).

## 2. Predicate Conviction

The Court affirms the District Court's decision that one of the predicate prior convictions for a crime of violence used to establish career offender status did not need to be "counted" in the calculation of the Defendant's criminal history points; simply because a predicate conviction was not "counted" in the criminal history points does not mean that it cannot be used to establish career offender status. Under United States Sentencing Guidelines § 4A1.2(c), "[s]entences for all felony offenses are counted" when determining career offender status. Under United States Sentencing Guidelines § 4A1.1, one criminal history point is assigned, up to a total of four (4) points, for prior sentences not falling into § 4A1.1(a) or (b).

The Defendant argues that one of the two convictions upon which his career offender sentence enhancement was predicated was not among those convictions "counted" in the calculation of his criminal history points total; therefore, he argues, it should not have qualified as a "prior conviction" for purposes of a career offender enhancement. The Government argues that the District Court did not err in relying on Defendant's prior felony conviction from Arkansas, even though that conviction could not count when calculating the Defendant's criminal history point total; sentences for all felony offenses are counted when determining career offender status under § 4A1.2(c).

The District Court properly used the Defendant's prior conviction for Residential Burglary on June 11, 2002 to establish career offender status because all violent and controlled substance felonies should be considered when deciding whether to assign a Defendant career offender status. The Sentencing Guidelines instruct that all felony offenses should be counted when determining if a Defendant qualifies for career offender status. Simply because one of the Defendant's prior convictions was not included in his four criminal history points under § 4A1.1 does not mean that it cannot be considered when determining if Defendant is a career offender for purposes of the Guidelines--under 4A.1.2(c), all felony offenses relating to violence and controlled substances are considered when determining if a person qualifies as a career offender. Thus, the Court properly used the Defendant's

residential burglary conviction to establish career offender status.

### 3. Prior Convictions Not Listed in Indictment

This Court affirms the District Court's holding that the prior felony convictions of the Defendant could be used to enhance his sentence because there is no need under current precedent to submit prior convictions in an indictment or to a jury to be found beyond a reasonable doubt. Under current precedent, the Sixth Amendment to the United States Constitution (as the Defendant acknowledges) does not require that a prior conviction used as a basis for a sentencing enhancement be pled in an indictment and submitted to a jury for proof beyond a reasonable doubt. Even if this Court thought otherwise, as this Court stated in United States v. Cheek, 415 F.3d 349 (4th Cir. 2005), we may not overrule or ignore the Supreme Court's existing precedents. In Cheek, the Defendant argued that prior convictions used to enhance a sentence must be pled in an indictment and submitted to a jury for proof beyond a reasonable doubt if it would increase his sentence above the statutory maximum. Id. at 351. The Defendant in Cheek argued, as does Mr. Padgett, that Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), "called into question" the holding of Almendarez-Torres v. United States, 523 U.S. 224 (1998) (holding that the Constitution does not require the Government to plead a prior conviction in an indictment in order

11

for it to be used to enhance a defendant's sentence). <u>Cheek</u>, 415 F.3d at 351.  The Fourth Circuit found in <u>Cheek</u> that the Supreme Court reaffirmed the holding that there is an exception for recidivism-based enhancements in sentencing in <u>United States v. Booker</u>, 543 U.S. 220 (2005). <u>Id.</u> at 352.

> It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.

<u>Id.</u> at 352.  The Court added that even if it were to agree with Defendant's forecast that the Supreme Court will overrule <u>Almendarez-Torres</u>, "we are not free to overrule or ignore the Supreme Court's precedents." <u>Id.</u> at 352-53 (citation omitted).

Defendant argues that the Court should not use the two prior convictions to impose an enhanced sentence when they were not in the indictment, found by a jury beyond a reasonable doubt, nor admitted by the Defendant.  The caselaw, argues Defendant, as it stands now, does not support the idea that a prior conviction must be pled in an indictment and submitted to a jury for proof beyond a reasonable doubt before it can be used as a basis for a sentence enhancement.  However, Mr. Padgett argues that the Court should reconsider the precedent and not apply the current Supreme Court precedent.

The Government argues that the District Court did not violate Defendant's Sixth Amendment right to a jury trial by not submitting

12

the fact of Defendant's prior convictions to a jury. The Government points out that the Supreme Court held in United States v. Booker, 543 U.S. 220, 224 (2005): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244; see Blakely v. Washington, 542 U.S. 296, 301 (2004) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

The Court affirms the District Court's holding because the precedent is clear - there is no requirement that prior convictions used to enhance a sentence be proven to a jury beyond a reasonable doubt or included in an indictment. Under Booker, the Government did not need to include prior convictions in an indictment and have them proven beyond a reasonable doubt in order for them to be used to enhance the Defendant Padgett's (a recidivist) sentence. Booker, 543 U.S. at 224.

### 4. Prior Notice

The Court affirms the District Court's holding that the Defendant did not need to receive notice prior to any enhancement of his sentence based on prior convictions because there is no need to receive notice under current precedent. This Court held in United States v. Foster, 68 F.3d 86 (4th Cir. 1995), that it would join its "sister circuits" in holding that "section 851 was never

13

intended to extend to enhancements under the Guidelines." Id. at 89 (referring to 21 U.S.C. § 851). This Court further noted that the "Sentencing Guidelines were promulgated well after section 851 was enacted and include no relevant reference to section 851." Id.

Defendant argues that he was entitled to notice prior to the District Court's use of one or more prior convictions to increase his punishment pursuant to 21 U.S.C. § 851. While United States v. Foster, 68 F.3d 86 (4th Cir. 1995), supports the District Court's decision, the Defendant asks the Court to reconsider its holding in Foster. Defendant notes that the Supreme Court has not taken up this issue yet. The Government argues that the District Court did not err in holding that an § 851 notice was not required for the application of the career offender Guidelines enhancement. The Government points out that even the Defendant understands that his argument on this point is directly contradicted by this Court's precedent--United States v. Foster, 68 F.3d 86 (4th Cir. 1995).

This Court affirms the District Court holding that no notice was required to use prior convictions to enhance a sentence because 21 U.S.C. 851 does not apply to sentencing enhancements. In keeping with Foster, this Court holds that the Defendant was not entitled to notice under § 851 that his sentence would be enhanced by his prior convictions.

## 5. <u>Evidentiary Issues</u>

The Court holds that the District Court did not abuse its discretion when it admitted testimony related to prior bad acts because the admission of the evidence was not arbitrary or irrational. As mentioned above, decisions by district court judges to admit evidence under Federal Rule of Evidence 404(b) will not be overturned on appeal <u>unless</u> those decisions were "'arbitrary or irrational.'" <u>Haney</u>, 914 F.2d at 607. Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is admissible for purposes of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). If probative value will be substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury," then the evidence should be excluded. Fed. R. Evid. 403. In the Fourth Circuit, "[w]hether prejudicial error has been committed must be determined on the basis of the record in its entirety and the result will generally turn on the facts of each case." <u>United States v. Johnson</u>, 610 F.2d 194, 196 (4th Cir. 1979). Absent purposeful introduction of prejudicial material by the prosecution, this Court usually does not reverse a conviction. <u>Id.</u> at 197. In addition, as long as the evidence is relevant to an issue other than the defendant's character and Rule 403 is not violated, evidence of other crimes or acts can be admitted even if there is no clear and

convincing proof of such crimes or acts. <u>Morgan v. Foretich</u>, 846 F.2d 941, 944 (4th Cir. 1988).

Defendant Padgett argues that the District Court committed reversible error when it allowed a co-defendant to testify extensively about other criminal activities in which the Defendant allegedly participated. Defendant argues that all of the testimony should have been excluded pursuant to Rules 404 or 403 of the Federal Rules of Evidence because it was highly prejudicial and served only to a show a general criminal disposition. Defendant argues that Ms. Nelson's testimony regarding the Defendant's alleged criminal activity was not related to the charges on which the Defendant was being tried and did not relate to a motive, opportunity, plan or design (under Federal Rule of Evidence 404). Also, Defendant argues that there were three major problems with Ms. Nelson's testimony: (1) she could have been asked about the Lowe's store credit cards without eliciting details about the criminal activity involved in obtaining the cards; (2) no evidence was introduced to show that the Defendant had been charged or convicted of the manufacturing of methamphetamine charge of which Ms. Nelson spoke; and (3) Ms. Nelson should not have been allowed to testify about Defendant's use of illegal drugs and attempts to buy such drugs because it was not shown to be related to the charges in the indictment.

In sum, the Government argues that all of the testimony of Ms. Nelson was relevant to issues other than the Defendant's character and the probativeness outweighed any possible prejudice. The Government argues that the Defendant's use and attempted purchase of drugs is admissible to establish absence of mistake, preparation, knowledge, or plan and was not admitted solely to show Defendant's bad character. The Government further argues that Ms. Nelson's testimony explained why she stayed at the Dryman's home and attempted to manufacture methamphetamine at that location, how the Lowe's hardware store scam related to tools and cash for producing methamphetamine, and explained a prior conversation between the co-conspirators concerning manufacturing the drug during which the prior manufacturing charge of the Defendant arose.

The District Court did not abuse its discretion when it admitted Ms. Nelson's testimony related to Defendant Padgett's prior bad acts because admission of the evidence was not arbitrary or irrational. First, when Ms. Nelson mentioned that she thought that Mr. Padgett had a prior charge of manufacturing methamphetamine, it was in the context of a discussion about whether or not she had previously "discussed the technicalities" of making the drug with him and whether they had "discussed knowledge of manufacture of methamphetamine." J.A. 81-82. When asked by the attorney if she had discussed the technicalities of making methamphetamine with Mr. Padgett, she did not respond "yes" or

17

"no." Rather, she responded with information that she seemed to think would demonstrate that she had discussed the process with him because he was knowledgeable about it--she mentioned a prior manufacturing charge she thought Mr. Padgett had. Under Rule 404(b), evidence of crimes, wrongs or acts that would not be admissible to prove the character of a person in order to show action in conformity with that character <u>can</u> be admitted in order to prove knowledge and absence of mistake, among other things. Here, Ms. Nelson's testimony established her understanding of just how knowledgeable Mr. Padgett was about methamphetamine manufacturing (i.e. she thought he was so knowledgeable that she believed that he even had been charged with methamphetamine manufacturing before).

Ms. Nelson's comment about a stolen car (J.A. 76) explained how Mr. Padgett and she arrived in North Carolina to do the "hustle" (J.A. 77) in order to get materials to manufacture the drug. Thus, in a sense, it related to the plan. The record in its entirety supports the conviction, and given the absence of any purposeful introduction of the material (the "stolen" car comment was off-handedly mentioned by Ms. Nelson in response to the question of how Ms. Nelson arrived in North Carolina), under <u>Johnson</u> the conviction will be affirmed. In addition, any ill effects of allowing such testimony were cured by two blanket statements by the Judge when instructing the jury after direct examination of Ms. Nelson and at the close of the evidence. After direct examination, the Judge advised that

18

> if there was any evidence relating to any charge of this defendant relating to any prior offense, the court instructs you that such evidence is stricken and you are not to consider it at any point in your deliberations. The defendant is not on trial for anything not alleged in this bill of indictment, if such other evidence is related.

J.A. 100. At the close of evidence, the Judge advised the jury to "not draw any inference concerning guilt or lack of guilt of the crimes charged in this case based on evidence, if there was any, of the defendant's involvement with any offense not charged in the indictment here." J.A. 270.

Second, Ms. Nelson's description of the "hustle" (J.A. 77-78, 85) that occurred in the Lowe's store showed intent, plan, and motive on the part of Mr. Padgett relating to the crime at issue. Further, Ms. Nelson's testimony about Ms. Dryman helps to show that the Government was interested in establishing through its questions who knew about manufacturing methamphetamine, the plan and intent. J.A. 91. All of these are appropriate considerations under Rule 404(b). Even if the description was a bit more than Mr. Padgett may have thought necessary, it was not arbitrary or irrational on the Judge's part to allow such testimony.

Third, while Ms. Nelson's discussion of Mr. Padgett's drug use did not clearly establish any of the proper purposes under Rule 404(b), it was not arbitrary or irrational to allow it. Given that it had already been established that Mr. Padgett was familiar with methamphetamine manufacturing, the discussion of Mr. Padgett's drug

19

use only really served to confirm Ms. Nelson's relationship with Padgett. J.A. 84, 96. Establishing that Mr. Padgett was a drug user does not necessarily establish that he had knowledge of the drug conspiracy or a plan to manufacture (in fact many drug dealers are not drug users); however, it is possible to argue this way (as the Government does). Thus, this Court holds that the admission of such testimony was not arbitrary or irrational.

## III. CONCLUSION

This Court affirms the District Court's determination that the Defendant qualifies as a career offender under the United States Sentencing Guidelines, and affirms the District Court's decision to admit the testimony of Ms. Nelson with a limiting instruction. First, the District Court did not err in sentencing the Defendant as a career offender when the face of the Judgment gave the District Court Judge sufficient information to determine that the Defendant was convicted of a felony, not a non-violent theft crime. Second, even though a predicate conviction was not "counted" in the criminal history points does not mean that it cannot be used to establish career offender status. Third, there is no need under current precedent to submit prior convictions in an indictment or to a jury to be found beyond a reasonable doubt. Fourth, Defendants do not need to receive notice under current precedent for enhancement of a sentence based on prior convictions. Finally,

20

the District Court did not abuse its discretion when it admitted the testimony of Ms. Nelson because her testimony was relevant to issues other than the Defendant's character and the probativeness outweighed any possible prejudice because the admission was not arbitrary or irrational. Therefore, the District court's holdings are

AFFIRMED.

APPENDIX 1

IN THE CRIMINAL/CIRCUIT COURT OF _____ Humphreys _____ COUNTY, TENNESSEE

Case Number: __9346-A__ Count #: ___I___  Attorney for the State: ___George C. Sexton___
Judicial District __23__ Judicial Division __I__  Counsel for Defendant ___Bob Stovall___
[ ] Retained  [ ] Appointed  [X] Public Defender

State Of Tennessee
vs.
Defendant ____Timothy Padgett____  Alias _____
Date of Birth ▓▓▓▓▓ Sex __m__ Race __W__  SSN ▓▓▓▓▓▓▓▓▓
From Indictment # _____ Warrant # _____  TDOC # _____
TBI Document Control # _____

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the __19__ day of __December__, 19 __97__ the defendant:

| | |
|---|---|
| [x] pled guilty | [ ] Dismissed/Nolo Prosequi |
| | [ ] Removal/Transfer to Other Court |
| | [ ] Retired/Unapprehended Defendant |
| **Is found:** | |
| [x] guilty [ ] not guilty | |
| [ ] jury verdict [ ] not guilty by reason of insanity | |
| [ ] bench trial [ ] nolo contendum | |

Indictment: Class (circle one): 1st  A  B  Ⓒ  D  E [x]Felony [ ] Misdemeanor
Offense ____Aggravated Burglary____
Amended Charge _____
Offense date __8_/_19_/_97__  County ____Humphreys____
Conviction offense ____Same____
TCA#: __39-14-103__  Sentence imposed date __12_/_19_/_97__
Conviction class (circle one): 1st  A  B  Ⓒ  D  E [x]Felony [ ] Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

| | | |
|---|---|---|
| [x] Sentence Reform Act of 1989 | [ ] Pre 1982 Sentence: _____ | **Concurrent with:** |
| [ ] Mitigated 20% [ ] Mitigated 30% | [ ] 1st Degree Murder | |
| [x] Standard 30% Range 1 [ ] Multiple 35% Range 2 | [ ] Sentence Reform Act of 1982 | |
| [ ] Persistent 45% Range 3 [ ] Career 60% | [ ] 30% Range 1 | **Consecutive to:** |
| [ ] Violent 100% [ ] Multiple Rapist | [ ] 35% Range 2 | |
| [ ] 1st Degree Murder [ ] Child Rapist | [ ] 45% Range 2 | |
| [ ] Repeat Violent Offender [ ] School Zone | [ ] 1st Degree Murder | |

| Sentenced to: | Sentence Length: |
|---|---|
| [x] TDOC | __4__ Years ___ Months ___ Days ___ Life ___ Life Without Parole ___ Death |
| | Mandatory Minimum Sentence (applicable to T.C.A. 39-17-417, 39-13-313 and 39-13-514 in school zone) _____ |
| [ ] County Jail [ ] Workhouse | ___ Years ___ Months ___ Days ___ Hours ___ Week-ends ___ Periodic: (_____) |
| | Mandatory Minimum Sentence (applicable to T.C.A. 39-17-417, 39-13-313 and 39-13-514 in school zone) _____ |
| | ___ % min. svs. prior to program or work release ___ % min. svs. prior to release (Misdemeanor only) |
| [x] Probation | __4__ Years ___ Months ___ Days Effective __12-19-97__ |
| [ ] Community Based Alternative | ___ Years ___ Months ___ Days ___ Hours ___ Week-ends |
| Specify _____ | |

Pretrial Jail Credit Period from __/__/__ to __/__/__ from __/__/__ to __/__/__ or Number of Days _____

| Court Ordered Fees and Fines | Restitution |
|---|---|
| $_____ Criminal Injury Compensation Fund | Victim Name _____ |
| $_____ Supervision | Address _____ |
| $_____ Child Support | |
| $_____ Court Cost | Total Amount $_____ $_____ per month |
| | [ ] Unpaid Community Service ___ Hours ___ Days ___ Weeks ___ Months |
| $_____ FINE ASSESSED | [x] The Defendant having been found guilty is rendered infamous |

Special Conditions  Count II of the indictment in this cause is hereby nolled. Probation is hereby transferred to the State of Kentucky.

____Robert Burch____  _____  _____
Judge's Name  Judge's Signature  Date of Entry of Judgment

_____  _____
Attorney for State/Signature (optional)  Defendant's Attorney/Signature (optional)

Copy - Criminal Court Clerk
Copy - TN Dept. Of Corrections - hard-class
Copy - Judicial Council
Copy - Jail

-375-