**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4865**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODRICKUS ANTONIO JAMISON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:05-cr-00025-jlk)

Submitted:  June 20, 2007            Decided:  July 10, 2007

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Ian Davey, Danville, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodrickus Antonio Jamison was originally charged in a four count indictment with various drug offenses. Pursuant to a plea agreement, Jamison pled guilty to one count of possession with intent to distribute and distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1999) and (b)(1)(B) (1999).

On July 31, 2006, Jamison appeared for sentencing. Due to two prior drug distribution convictions, Jamison was classified as a Career Offender under § 4B1.1 of the sentencing guidelines. Jamison's advisory guidelines range recommended a sentence of 188 to 235 months imprisonment. The district court imposed a sentence of 188 months, and Jamison timely noted his appeal. On appeal, Jamison has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Finding no error, we affirm.

On appeal, Jamison alleges three errors in the court below. First, Jamison alleges that the district court wrongly enhanced his sentence. Jamison argues that his sentence violates Blakely v. Washington, 542 U.S. 296 (2004), because his sentence was enhanced based on his criminal history, which was never admitted by him or found by a fact-finder beyond a reasonable doubt. Jamison also contends that his enhancement as a Career Offender violates the spirit of his plea agreement because, in his plea agreement, the Government agreed not to file a notice of

enhancement under 21 U.S.C. § 851 (1999). According to Jamison, his plea agreement mentioned nothing about a Career Offender enhancement under § 4B1.1, and therefore, he "was never afforded the information necessary to make an intelligent choice as to whether to accept the plea or go to a jury trial."

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Jamison was subject to a statutory maximum sentence of forty years. See 21 U.S.C. § 841(b)(1)(B). Thus, the district court's use of Jamison's criminal history in determining his advisory guidelines range and imposing a sentence of 188 months did not violate Blakely. Moreover, Jamison's sentencing enhancement for being a Career Offender under § 4B1.1 did not violate the spirit of his plea agreement because 21 U.S.C. § 851 does not apply to enhancements under the guidelines. See United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995). Also, Jamison's assertion that his plea agreement did not warn him of a possible § 4B1.1 enhancement is contradicted by paragraph six of his agreement, which states "because of my prior criminal record I may be treated as a Career Offender under the Guideline Section 4B1.1." Accordingly, Jamison's first argument is without merit.

Jamison's second argument on appeal is that the Government improperly refused to move for a § 5K1.1 reduction of his sentence. Pursuant to the plain language of the plea agreement, the Government retained sole discretion whether it would file a motion for substantial assistance. When the Government has not promised to request a substantial assistance departure in return for a defendant's substantial assistance, a court may review the prosecutor's decision not to move for a departure only "if the refusal is based on an unconstitutional motive, such as race or religion, or is not rationally related to a permissible government objective." United States v. LeRose, 219 F.3d 335, 341-42 (4th Cir. 2000)(citing Wade v. United States, 504 U.S. 181, 185-86 (1992)). Before the court may inquire into the Government's reasons for refusing to file a § 5K1.1 motion, a defendant must make a "substantial threshold showing" of impropriety. Id. at 342 (citing Wade, 504 U.S. at 186). Jamison fails to make such a showing. The record makes clear that the Government refused to move for a reduction because the information provided by Jamison did not have the potential to lead to a case against anyone else. Accordingly, Jamison's second alleged error is rejected.

Jamison's third and final alleged error is that he was sentenced in conflict with Shepard v. United States, 544 U.S. 13 (2005). According to Jamison, the Supreme Court in Shepard held that, because the Armed Career Criminal Act, 18 U.S.C.A. § 924(e)

- 4 -

(West 2000 and Supp. 2007), raised a defendant's sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant, 18 U.S.C. § 924(e) violates Apprendi.  Jamison argues that this is relevant to Career Offender Act sentencing because his enhancement was not based on facts found beyond a reasonable doubt or admitted by him.

Jamison has misread the Shepard case.  Moreover, as mentioned previously, Apprendi held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490. While Jamison's guideline range and the sentence imposed upon him were enhanced because his prior criminal record qualified him as a Career Offender, the statutory maximum sentence to which Jamison was subject was not enhanced as a consequence of judicial fact-finding.  Accordingly, Jamison's third argument is rejected.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Jamison's conviction and sentence.  This court requires that counsel inform Jamison, in writing, of the right to petition the Supreme Court of the United States for further review. If Jamison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in

this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jamison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED