**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lesepth M. FOSTER, a/k/a Oderris, Defendant–Appellant.**

No. 94–7258.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 29, 1995.

Decided Oct. 31, 1995.

**ARGUED:** Patrick L. Brown, Florence, Kentucky, for Appellant. Michael Lee Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge HAMILTON and Judge MICHAEL joined.

## OPINION

LUTTIG, Circuit Judge:

Appellant, Lesepth M. Foster, pleaded guilty to count two of a three count indictment and was sentenced to 151 months in prison for aiding and abetting the distribution of 2.42 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Because Foster had two prior felony convictions, he was sentenced as a career offender under the Sentencing Guidelines. *See* U.S.S.G. § 4B1.1. No appeal was taken from these proceedings.

On March 9, 1994, Foster filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 alleging, *inter alia*, ineffective assistance of counsel and that he should not have been sentenced as a career offender under the Sentencing Guidelines. The district court issued an order dismissing the motion. This appeal followed. Finding no reversible error, we now affirm.

### I.

Foster first claims that he was denied effective assistance of counsel because he entered his guilty plea "upon the assurances of his counsel that by entering the plea he would not be subjected to a sentence as a career offender." Appellant's Br. at 1.

To state a valid claim of ineffective assistance of counsel, Foster must show: (1) that his attorney's performance fell below an objective standard of reasonableness *and* (2) that he suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We have no reason to suspect that Foster's attorney's performance fell below an objec-

tive standard of reasonableness. However, we do not reach this question because Foster was clearly not prejudiced by any misstatements made by his attorney.

In an attempt to establish prejudice, Foster maintains that if he had been correctly told that he could be sentenced as a career offender, he would not have pleaded guilty, but would have proceeded to trial. However, any misinformation Foster may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus Foster was not prejudiced. As we said sitting *en banc* in *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir.1992) (*en banc*), *cert. denied*, — U.S. —, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994), "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." We similarly held in *United States v. Craig*, 985 F.2d 175, 179–80 (4th Cir.1993), that "misadvice respecting sentencing possibilities" could not be a "but for" cause of a guilty plea where the plea is "based on risk information given ... by the sentencing court." Therefore, if the trial court properly informed Foster of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him.

As the appellant himself concedes, the trial court fully complied with Rule 11. During the trial court's Rule 11 hearing at which Foster's guilty plea was entered, the court specifically informed Foster of the maximum penalties he faced:

> THE COURT: Do you understand that by entering into this agreement, you expose yourself to possible maximum penalties of up to 20 years in prison or a fine of 1 million dollars and a supervised release term of as much as five years and at least three years?

THE DEFENDANT: Yes, sir.

J.A. at 38. The trial court also explained:

> THE COURT: All right. Do you understand that [the Sentencing Guidelines] provides a formula to the sentencing judge where I look, among other things, to the extent of your involvement in this particular offense, [and] your past record, if any ... ?

THE DEFENDANT: Yes, sir.

J.A. at 38–39. Finally, Foster was also asked by the trial court if he had been given any promises with respect to sentencing:

> THE COURT: Has anyone made any promises or predictions to you as to how this judge will sentence you different than what I've explained to you?

THE DEFENDANT: No, sir.

J.A. at 40. Thus, even if Foster's trial counsel provided Foster incorrect information about sentencing, Foster was in no way prejudiced by such information given the trial court's careful explanation of the potential severity of the sentence. Foster was sentenced to 151 months, well below the statutory maximum, and below the maximum sentence Foster was informed, at the Rule 11 colloquy, that he could receive.

## II.

 Foster next claims that his attorney's failure to file an appeal is *per se* ineffective assistance of counsel. Appellant's Br. at 14. As the government concedes, failure to file a *requested* appeal is *per se* ineffective assistance of counsel, irrespective of the possibility of success on the merits. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993). Foster, however, cannot avail himself of this *per se* rule as nothing in the record before the district court nor this court indicates that he ever requested that his attorney file an appeal. Foster's own affidavit clearly indicates that he did not request an appeal be filed, but rather "chose" not to appeal based on counsel's advice.[1]

---

**1.** In his affidavit Foster states:

> 8. Attorney Hicks informed me that I should not appeal the fact that I was sentenced as a

career offender because it would "anger" the judge.

> 10. I wanted to appeal the fact that I was sentenced as a career offender but Mr. Hicks

Since Foster never requested that his attorney file an appeal, the *per se* rule of *Peak* is inapplicable. Foster's claim must instead be analyzed under the *Strickland* standard. As the district court determined, Foster's claims that he was improperly sentenced as a career offender are "without merit." J.A. at 14. Foster does not contend that his sentence was incorrectly calculated under the Guidelines. His claim, rather, is that the trial court erred by increasing his sentence under the Sentencing Guidelines to account for his prior criminal convictions because the government failed to file an information prior to the entry of his guilty plea. Foster contends that such notice is required under 21 U.S.C. § 851(a)(1), which provides that:

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon.

Section 851(a)(1) certainly states in unequivocal language that the government must file an information prior to entry of a guilty plea when it seeks to increase a defendant's sentence on the basis of a prior conviction. Thus, by its terms, the statute could reasonably be interpreted to require the filing of an information as a condition precedent to enhancement under the Sentencing Guidelines. It is clear, however, that section 851 was never intended to extend to enhancements under the Guidelines. The enhanced punishments to which section 851 refers are those provided for by statute. For example, section 841(b)(1)(C) increases the statutory maximum penalty from twenty years to thirty years if the offender commits the offense "after a prior conviction for a felony drug offense has become final." And, indeed, the Sentencing Guidelines were promulgated well after section 851 was enacted and include no relevant reference to section 851. As virtually every court to consider the issue of whether an information must be filed before the government can seek an enhanced sentence under the Sentencing Guidelines has concluded, section 851's requirement that the government file an information before entry of a guilty plea simply does not apply when the government seeks enhancements under the Guidelines.[2] We now join our sister circuits in expressly so holding.

Given that section 851(a)(1)'s notice requirement is not applicable when an enhancement is sought under the Sentencing Guidelines, the trial court properly relied on Foster's two prior felony convictions in sentencing Foster as a career offender. Consequently, Foster cannot establish a reasonable probability that a different result would have obtained "but for" counsel's alleged failure to file an appeal. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

The judgment of the district court is affirmed.

*AFFIRMED.*

---

"tricked" me into not appealing by using unfair "scare tactics".

11. The reason that I did not inform the court of my desire to appeal my case is because Mr. Hicks told me that he had already talked to the judge, and that, the judge would favor my not appealing my case. I trusted this information, however, I was not aware that Mr. Hicks was "tricking" me out of my right to appeal. J.A. at 21.

**2.** *See, e.g., United States v. Day,* 969 F.2d 39, 48 (3d Cir.1992); *United States v. Koller,* 956 F.2d 1408, 1417 (7th Cir.1992); *United States v. Meyers,* 952 F.2d 914, 917–19 (6th Cir.), *cert. denied,* 503 U.S. 994, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992); *United States v. Whitaker,* 938 F.2d 1551, 1552 (2d Cir.1991), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992); *Young v. United States,* 936 F.2d 533, 535–36 (11th Cir. 1991); *United States v. Novey,* 922 F.2d 624, 627–29 (10th Cir.), *cert. denied,* 501 U.S. 1234, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991); *United States v. McDougherty,* 920 F.2d 569, 574 (9th Cir.1990), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991); *United States v. Sanchez,* 917 F.2d 607, 616 (1st Cir.1990), *cert. denied,* 499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991); *United States v. Marshall,* 910 F.2d 1241, 1244–45 (5th Cir.1990), *cert. denied,* 498 U.S. 1092, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *United States v. Wallace,* 895 F.2d 487, 489–90 (8th Cir.1990).