**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4175

KEDRON KITCHENS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-96-19)

Submitted: August 18, 1998

Decided: September 3, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Fox, JORY & SMITH, L.C., Elkins, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Paul T.
Camilletti, Assistant United States Attorney, Wheeling, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kedron Kitchens appeals from his sentence imposed after entering a plea of guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

Kitchens was involved in a drug distribution network in which numerous people, including Kitchens' brother Koffi Kitchens, sold crack cocaine for Kitchens. At least one of Kitchens' sellers also testified to cooking cocaine into crack cocaine for Kitchens. Kitchens was stopped by West Virginia State Police on November 18, 1994, and officers found 160 grams of crack cocaine in his van.

Initially, the Government filed an information of a prior felony conviction under 21 U.S.C. § 851 (1994), which would result in a mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b) (1994). The Government agreed to withdraw the information after Kitchens pled guilty, thus resulting in a mandatory minimum of only ten years under § 841(b). Kitchens apparently entered into the plea agreement with the expectation that he would cooperate with the Government by providing information on other drug activities and doing undercover work, thus resulting in a motion for downward departure for substantial assistance by the Government under U.S. Sentencing Guidelines Manual § 5K1.1 (1997). However, subsequent to pleading guilty, Kitchens was incarcerated in North Carolina thus foreclosing his ability to render substantial assistance to the Government.

Kitchens moved to withdraw his guilty plea on the ground that the Government breached the plea agreement when Kitchens was not able to provide substantial assistance, which may have resulted in a motion for downward departure. Kitchens also contended that his plea was not knowingly and voluntarily entered. The district court denied the motion at the sentencing hearing.

2

The presentence investigation report (PSR) recommended a three-level enhancement for Kitchens' role in the offense under USSG § 3B1.1(b). The PSR also recommended that, in light of Kitchens' prior convictions for a crime of violence and a drug felony, he be assigned career offender status under USSG § 4B1.1. The sentencing court applied the three-level role in the offense enhancement, and also found that Kitchens was a career offender under § 4B1.1, thus increasing his criminal history category.

Kitchens appeals, contending that the sentencing court clearly erred when it applied the three-level enhancement for role in the offense. Kitchens also contends that he should have been permitted to withdraw his guilty plea, on the grounds that the Government breached the plea agreement by failing to recruit Kitchens to provide substantial assistance; that the agreement was not knowingly and voluntarily entered into because Kitchens did not realize he was pleading guilty to possession with intent to distribute "crack" cocaine; and because his prior convictions were used to assign him career offender status under USSG § 4B1.1 after the Government withdrew its information of his prior convictions.

The sentencing court did not clearly err by finding that Kitchens was a manager or supervisor of criminal activity under USSG § 3B1.1, thus increasing his offense level by three levels. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884). Numerous people sold drugs for Kitchens, and he also acted as his brother's main crack cocaine supplier. See USSG § 3B1.1(b); United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995).

Likewise, the district court did not abuse its discretion by denying Kitchens' motion to withdraw his guilty plea. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). The Government did not breach the plea agreement by not recruiting Kitchens to participate in undercover activity, as the Government never promised that it would do so or promised to move for a downward departure based on substantial assistance. Further, the indictment charged Kitchens with possession with intent to distribute crack cocaine, the factual basis established at the guilty plea hearing spoke in terms of crack cocaine, and Kitchens acknowledged dealing in crack cocaine. Accordingly,

3

Kitchens' assertion that his plea was not knowing and voluntary because he did not realize he was pleading guilty to possession with intent to distribute crack cocaine is unsupported. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Finally, the Government agreed to and did withdraw its information of Kitchens' prior convictions under 21 U.S.C. § 851, thus resulting in only a ten year mandatory minimum under 21 U.S.C. § 841(b)(1). However, this statutory proceeding is unrelated to the application of USSG§ 4B1.1. See USSG § 4B1.1; United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995). Accordingly, Kitchens' argument that his plea was not knowing and voluntary due to his assignment of career offender status is without merit. See Moore, 931 F.2d at 248.

We affirm Kitchens' sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4