**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-6717

CEDRICK LEON GOUDELOCK,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-96-327, CA-97-4027-8)

Submitted: August 10, 1999

Decided: September 3, 1999

Before ERVIN and WILKINS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Cedrick Leon Goudelock, Appellant Pro Se. Beth Drake, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cedrick Goudelock appeals the district court's judgment order denying his motion for relief under 28 U.S.C.A. § 2255 (West Supp. 1999). We have reviewed the record, including the transcript of the hearing on the § 2255 motion, and find no reversible error. Goudelock's claim that his attorney failed to file an appeal on his behalf came down to a credibility determination between Goudelock and his former attorney, and the court acted within its discretion in crediting counsel's testimony that Goudelock did not request an appeal. Hence, Goudelock could only establish ineffective assistance of counsel in this case by showing that his attorney's decision not to appeal was both deficient and prejudicial under the standards of Strickland v. Washington, 466 U.S. 668, 687-91 (1984). See United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995).

Our review of the record discloses that Goudelock failed to meet this burden. His Double Jeopardy claim failed as a matter of law because the allegedly duplicative prosecution to which he objected was by a different sovereign. See United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982). His claim that the Government's preindictment delay violated his speedy trial rights fails because he did not demonstrate how the delay prejudiced him. See Howell v. Barker, 904 F.2d 889, 894-95 (4th Cir. 1990). Finally, Goudelock's claims that his attorney was deficient for failing to object to the amount of drugs attributed to him, to whether the drugs he sold were "crack" cocaine, and to the court's calculation of his criminal history are all without merit because the record discloses either that any objection would have been groundless or that the decision not to object was a reasonable, tactical decision.

Accordingly, we deny a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Goudelock's motions for discovery and appointment of counsel are denied, as is the United States' motion to strike Goudelock's memorandum of law in support of his informal brief.

DISMISSED