**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4584

KEVIN LARENZO KING,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-329)

Submitted: April 25, 2002

Decided: May 6, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-MON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kevin Larenzo King pled guilty to bank robbery with a dangerous weapon in violation of 18 U.S.C.A. § 2113(d) (West 2000), and was sentenced as a career offender to a term of 194 months imprisonment. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000). King appeals his sentence, alleging that the district court erred in sentencing him as a career offender, in making a three-level enhancement for brandishing a dangerous weapon, USSG § 2B3.1(b)(2)(E), and in denying his request for a departure below the career offender guideline range on the ground that it overstated the seriousness of his past criminal conduct. USSG § 4A1.3, p.s. We affirm in part and dismiss in part.

King claims that the enhancement for brandishing a dangerous weapon did not apply because he used a toy gun. The weapon he used in the bank robbery was not recovered. However, the enhancement is properly applied when the defendant uses an object that appears to be a dangerous weapon. USSG § 2B3.1, comment. (n.2). Because King brandished an object that appeared to be a firearm, the enhancement was properly applied.

King contends that the court erred in sentencing him as a career offender because the government failed to file an information seeking an enhanced sentence.*  *See* 18 U.S.C.A. § 3559(c)(4) (West 2000); 21 U.S.C. § 851 (1994). A career offender sentence under § 4B1.1 does not require such notice. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995).

---

*King did not raise this issue below, so our review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (to obtain reversal, defendant must show error that was plain, affected substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings).

Last, the district court's decision not to depart below the career offender guideline range is not reviewable on appeal because it is clear that the district court understood its authority to depart and determined that a departure was unwarranted. *United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999).

We therefore affirm the sentence. We dismiss that portion of the appeal which challenges the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*