**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

AMOS JUNIOR SCOTT,
*Defendant-Appellant.*

No. 01-4099

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

AMOS JUNIOR SCOTT,
*Defendant-Appellant.*

No. 01-4663

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-69)

Submitted: June 25, 2002

Decided: July 12, 2002

Before WIDENER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Reita P. Pendry, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Amos Junior Scott appeals his conviction and life sentence for conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 851 (1994). Finding no error, we affirm.

Scott contends the district court improperly admitted: (1) character evidence of his affiliation with a street gang; (2) hotel registrations and telephone records in violation of the rule against hearsay; and (3) the bolstering testimony of an FBI Agent. Because Scott did not object to the admission of this evidence at trial, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Our review of the record convinces us that the district court did not plainly err.

Scott next contends that the district court clearly erred in sentencing him as a career offender. Because Scott had prior felony convictions for assault with a deadly weapon and possession of "rock" cocaine, the district court did not clearly err in sentencing him as a career offender. *See United States Sentencing Guidelines Manual* § 4B1.2(c) (1998). We further conclude that Scott's claim that he did not receive notice of the assault with a deadly weapon conviction is meritless. *See United States v. Foster*, 68 F.3d 86, 89 (4th Cir. 1995).

Scott also contends the district court erred in applying a two-level enhancement to his sentence for his role in the offense. We review a district court's determination of a defendant's role in the offense for clear error, *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997), and we find no clear error here.

We have also reviewed the claims raised in Scott's pro se supplemental brief and find them meritless.* Accordingly, we affirm Scott's

---

*To permit adequate development of the record, Scott must bring his claims of ineffective assistance of counsel in a post-conviction motion

conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

under 28 U.S.C.A. § 2255 (West Supp. 2001), rather than on direct appeal. *United States v. King*, 119 F.3d 290 (4th Cir. 1997).