**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5096**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES T. TURNER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.   Norman K. Moon, District Judge.  (6:04-cr-00009)

_____

Submitted:  November 30, 2007      Decided:  February 14, 2008

_____

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Melissa W. Friedman, Anthony F. Anderson, ANDERSON & FRIEDMAN, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Tyrone Turner appeals his jury convictions and 322-month sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841 (West 2000 & Supp. 2007) (Count Two); possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007)(Count Three); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)(2000) (Count Four).[1] He challenges the district court's denial of his motion to suppress evidence, his designation as an armed career criminal, and his sentence. We find no error in the court's denial of Turner's motion to suppress or in his designation as an armed career criminal, and we affirm Turner's convictions. However, because we conclude the erroneous calculation of Turner's guideline range under the U.S. Sentencing Guidelines Manual ("USSG") (2005) constitutes plain error, we vacate Turner's sentence and remand for resentencing.

(1) Motion to Suppress

During the investigation of the drug distribution activities of Turner and his neighbor, Hugo Bibbs, Investigator Tony McFadden requested a search warrant to search Turner's home. In requesting the warrant, McFadden provided the following

---

[1]Turner was also convicted of conspiracy to distribute cocaine base, but the court granted the Government's motion at sentencing and dismissed the conspiracy count.

- 2 -

information. Within the prior seventy-two hours a reliable confidential informant went to Bibbs' residence. The informant observed a person give Bibbs money and ask for cocaine. Bibbs took the money, went across the street to Turner's house, and returned with cocaine. Other confidential informants (CIs) had gone to Bibbs' house to purchase drugs in the recent past. The CIs reported that Bibbs went across the street, but returned saying he could not obtain any drugs because Turner was not home. On the occasions of the CIs' attempted purchases, McFadden personally observed Bibbs leave his house, go to Turner's residence, and return as described by the CIs.

McFadden's affidavit additionally provided information about the reliable confidential informant, stating that the informant had provided information regarding drug involvement against his or her own penal interests, was familiar with the appearance of cocaine, and had provided information during the past two years that had directly led to the arrests and convictions of drug offenders. McFadden stated that the CIs also gave statements against their penal interests and were working independently of the reliable confidential informant.

At the hearing on the motion to suppress, McFadden testified that approximately two hours after obtaining the warrant, police officers conducted a controlled buy from Bibbs. A CI gave Bibbs marked bills. Bibbs took the money, went across the street

to Turner's house and returned with cocaine. The officers executed the search warrant after the completion of the controlled buy and found a large amount of currency, including the marked bills used in the controlled buy, digital scales, firearms, and approximately thirty-five grams of cocaine base. The district court denied the motion to suppress, concluding that the search warrant was supported by probable cause and the police officers relied on it in good faith.

Turner argues that the warrant was not supported by probable cause nor was the evidence admissible under the good faith exception to the exclusionary rule. When a party challenges both the probable cause determination and the conclusion that the good faith rule applies, a reviewing court will ordinarily address the good faith determination first, unless the case involves the resolution of a novel question of law necessary to provide guidance to police officers and magistrate judges. See United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994).

Evidence seized pursuant to a defective warrant will not be suppressed unless: (1) the affidavit contains knowing or reckless falsity; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant is so facially deficient that an officer could not reasonably rely on it. United States v. Wilhelm, 80 F.3d 116,

121 (4th Cir. 1996). The crucial element determining probable cause is "whether it is reasonable to believe that the items to be seized will be found in the place to be searched." United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993). Information must link criminal activity to the place to be searched. Id. at 1583.

Turner contends the police officers could not have reasonably relied on the warrant because it was facially lacking probable cause. However, McFadden's affidavit connected both Turner and his residence to drug trafficking. The fact that both the magistrate issuing the warrant and the district court reviewing the sufficiency of the warrant concluded that there was probable cause to search is further evidence of the objective good faith of the officers in executing the warrant. See Lalor, 996 F.2d at 1583 (finding significant to a determination of good faith that two judicial officers had concluded that the affidavit provided probable cause to search). We conclude that the warrant was not facially deficient so as to render Investigator McFadden's reliance upon it unreasonable, the affidavit provided a substantial basis for a finding of probable cause, and the district court did not err in denying Turner's motion to suppress.

(2) Armed Career Criminal Designation

Turner contends that the predicate convictions used for armed career criminal enhancement purposes must be alleged in the

indictment and found by a jury beyond a reasonable doubt.  This argument, however, is foreclosed by controlling circuit precedent.  In <u>United States v. Cheek</u>, 415 F.3d 349, 352-54 (4th Cir.), <u>cert. denied</u>, 546 U.S. 1010 (2005), this court determined that prior convictions used as a basis for armed career criminal enhancement need not be charged in the indictment nor proven beyond a reasonable doubt.  Moreover, Turner was properly notified in the Presentence Report ("PSR") of the probation officer's determination that he qualified as an armed career criminal.  <u>See</u> <u>United States v. Foster</u>, 68 F.3d 86, 89 (4th Cir. 1995)(there is no pretrial notice requirement attendant to guidelines enhancements, such as the armed career criminal enhancement, USSG § 4B1.4, under which Turner's sentence was enhanced).[2]

(3) <u>Sentencing</u>

For the first time on appeal, Turner contends the district court improperly calculated his guidelines range.  In imposing sentence after <u>Booker</u>,[3] sentencing courts must calculate the appropriate advisory guidelines range by making any necessary

_____

[2]We reject Turner's argument that because he was informed at his arraignment that he was subject to a maximum penalty of ten years' imprisonment on the felon in possession count, notification in the PSR that he was subject to enhanced sentencing as an armed career criminal was inadequate. At the arraignment, Turner pleaded not guilty and availed himself of all of his constitutional trial rights.  He was timely informed of the probation officer's assessment that the armed career criminal enhancement applied before he was sentenced, and had the opportunity to object.

[3]<u>United States v. Booker</u>, 543 U.S. 220 (2005).

- 6 -

factual findings.  United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006), cert. denied, 126 S. Ct. 2054 (2006).  The court should then consider the resulting advisory guidelines range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) and determine an appropriate sentence.  United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).  Issues not raised in the district court are reviewed for plain error.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights.  Hughes, 401 F.3d at 547-48.

Turner was sentenced under the provisions of USSG § 4B1.4, which gives effect to 18 U.S.C. § 924(e) and provides enhanced penalties for those convicted of being a felon in possession under certain circumstances.  The probation officer applied sections 4B1.4(b)(3)(A) and (c)(2), which provide harsher penalties to those who possess a firearm in connection with a drug trafficking offense.  Under these sections, Turner's offense level was thirty-four, his criminal history category was VI, and the resulting guidelines range for Counts Two and Four was 262 to 327 months.  He was sentenced to 262 months plus a consecutive sixty month sentence for the § 924(c) violation (Count Three).

However, Application Note 2 to USSG § 4B1.4 states that "if a sentence under this guideline is imposed in conjunction with

- 7 -

a sentence for conviction under . . . 18 U.S.C. § 924(c), do not apply either subsection (b)(3)(A) or (c)(2)." Because a sentence under § 924(c) was imposed, Turner should have had an offense level of 33, a criminal history category of IV, and a guidelines range of 188 to 235 months on Counts Two and Four. See USSG §§ 4B1.4(b)(3)(B), (c)(3).

Turner contends, and the Government concedes, that the improper calculation of his guidelines range was plain error. We agree. Accordingly, we vacate Turner's sentence on this basis and remand for resentencing.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[4]Turner also contends the district court improperly applied a presumption of reasonableness to a sentence within the guidelines range. We find no such error.