**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4770**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTAVIOUS DEVONN ANDERSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00092-NCT-1)

_____

Submitted:  June 2, 2010                Decided:  July 2, 2010

_____

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Milton B. Shoaf, Salisbury, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martavious Devonn Anderson pled guilty pursuant to a written plea agreement to distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2006). Based on an information of his prior felony drug conviction filed under 21 U.S.C. § 851(a)(1) (2006), Anderson was subject to a statutorily mandated minimum sentence of 240 months' imprisonment pursuant to § 841(b)(1)(A). The district court sentenced Anderson to 262 months' imprisonment, the lowest point of his properly calculated advisory guidelines range. Anderson appeals.

Anderson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning the reasonableness of the sentence considering Anderson's attempt at substantial assistance. In his pro se supplemental brief, Anderson contends the district court lacked jurisdiction to impose an enhanced sentence because the Government did not strictly comply with the requirements of § 851. The Government declined to file a brief. Finding no error, we affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We presume that a sentence imposed within a properly

2

calculated guidelines range is reasonable. <u>Rita v. United States</u>, 551 U.S. 338, 346-47 (2007). We find that Anderson's sentence is both procedurally and substantively reasonable and that the district court properly explained its decision to sentence Anderson to 262 months of imprisonment. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009); <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). The record reveals that the district court considered Anderson's attempt to provide substantial assistance in determining his sentence.

In his pro se supplemental brief, Anderson claims that the Government failed to comply with the requirements of § 851 notice. We conclude that this claim is without factual support. In addition, contrary to Anderson's position, § 851 does not require that Anderson be informed of all the predicate convictions relied upon for his designation as a career offender under <u>U.S. Sentencing Guidelines Manual</u> § 4B1.1 (2008). <u>See</u> <u>United States v. Foster</u>, 68 F.3d 86, 89 (4th Cir. 1995).

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such filing would be frivolous,

3

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED