**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4989

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

NORVEL LEE WOODSON, a/k/a Woody,

                    Defendant – Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Irene C. Berger,
District Judge. (5:09-cr-00191-1)

Submitted:  March 25, 2011        Decided:  April 11, 2011

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana F. Eddy, THE EDDY LAW OFFICE, Charleston, West Virginia,
for  Appellant.   R. Booth Goodwin II, United States Attorney,
John J. Frail, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norvel Lee Woodson pled guilty to distribution of cocaine. The district court sentenced him to 151 months' imprisonment. On appeal, Woodson contends that his guilty plea was involuntary because his attorney was ineffective for failing to advise him of the consequences of his plea in light of the applicability of the career offender provisions of the Sentencing Guidelines. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the validity of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). As part of the plea agreement, the Government agreed not to file an information as to prior convictions pursuant to 18 U.S.C. § 851 (2006). In preparing the presentence report, the probation officer determined that Woodson qualified as a career offender and therefore the applicable guideline sentencing range was enhanced to 151 to 188 months.

At sentencing, Woodson objected to application of the enhancement, noting that counsel had not advised him regarding the career offender enhancement based on counsel's mistaken belief that the Government's agreement not to file a § 851 information also meant that the career offender guideline would not apply. The district court overruled this objection, noting

2

that the career offender provision and § 851 were entirely different. The court then sentenced Woodson to 151 months, the bottom of the applicable guidelines range.

To warrant relief on his claim that counsel's ineffective assistance resulted in an involuntary plea, Woodson must show that counsel's conduct "fell below an objective standard of reasonableness[,]" and that he was thereby prejudiced. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To demonstrate prejudice, Woodson must establish "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

During the Rule 11 colloquy, the district court clearly informed Woodson that he was subject to a maximum sentence of 20 years' imprisonment. Woodson stated that he understood this penalty. The Rule 11 transcript reveals no evidence that Woodson was confused by this information. To the contrary, this information was also stated in Woodson's plea agreement, which Woodson signed and acknowledged that he read and understood. As we explained in United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc):

> [I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the

3

> defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant.

Woodson bears the burden of demonstrating that he was prejudiced by any deficiency in his counsel's performance, and in this case, he has failed to carry that burden of showing prejudice. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995).

Woodson relies on Hammond v. United States, 528 F.2d 15 (4th Cir. 1975), to argue that he was prejudiced by counsel's failure to advise him as to the career offender enhancement. In Hammond, counsel erroneously advised his client that he faced a 90-year sentence, when in reality the client faced, at most, a 55-year sentence. The clerk of the court repeated this error during the Rule 11 hearing, and this error was not corrected by the district court. On appeal, we vacated Hammond's guilty plea because counsel's erroneous advice had been "corroborated by the information supplied by the court[.]" Id. at 19.

In Lambey, the district court provided the defendant with the correct statement of his sentencing exposure during the Rule 11 colloquy, thereby correcting the erroneous advice previously given by the defendant's counsel. The circumstances here are aligned with those in Lambey — counsel failed to provide advice, but the court corrected this failure by providing Woodson with the correct information during the Rule

4

colloquy. The holding in <u>Lambey</u> therefore dictates the outcome of this appeal, and Woodson's reliance on <u>Hammond</u> is misplaced.

Finding no prejudice, we need not reach the question of whether Woodson's counsel was in fact deficient. Accordingly, we affirm Woodson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5