**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5097**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER ELLERBY,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:10-cr-00088-FL-1)

Submitted: June 20, 2012        Decided: August 1, 2012

Before GREGORY, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Christopher Ellerby appeals his convictions for drug and firearm-related offenses and 140-month sentence. Ellerby contends that the Government did not have a legitimate reason to require that he withdraw his objections to the presentence report ("PSR") in exchange for it asking for a downward departure pursuant to U.S.S.G. § 5K1.1. Ellerby further contends that his counsel provided ineffective assistance by misadvising him on the length of his prison sentence. For the following reasons, the Court affirms Ellerby's convictions and sentence.

I.

Ellerby first contends that the Government's refusal to support the § 5K1.1 motion unless he withdrew his objections to the PSR amounts to plain error that affects his substantial rights. In support of his claim, Ellerby points to Wade v. United States, 504 U.S. 181 (1992). In Wade, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and grant a remedy if they find that the refusal was based on an unconstitutional motive," such as the defendant's race or religion. 504 U.S. at 185-86. The Court determined that a defendant must make a "substantial threshold showing" in meeting

this burden and would not be entitled to relief on the basis that he provided substantial assistance or on "generalized allegations of improper motive." Id. at 186. This Circuit has interpreted Wade to allow the Government to refuse to file a § 5K1.1 motion "so long as it provides any legitimate reason, even one unrelated to the defendant's 'substantial assistance.'" United States v. Divens, 650 F.3d 343, 345 (4th Cir. 2011) (citing United States v. Butler, 272 F.3d 683 (4th Cir. 2001)). Accordingly, under this precedent, a defendant must show that the government's refusal to file a § 5K1.1 motion is improper because the refusal emanates from either unconstitutional or non-legitimate motives.

Ellerby argues that this precedent logically extends to this context -- where instead of the Government refusing to file the motion, it conditioned not withdrawing the motion on Ellerby's withdrawal of his objections to the PSR. Assuming that Wade and Butler do apply in this context, Ellerby has not met his burden under the plain-error standard that the Government's condition is based on some motive that is unconstitutional or not related to a legitimate government end. Ellerby must show that imposing this condition on a defendant is an error and that the error is "clear, or equivalently, obvious." United States v. Olano, 507 U.S. 725, 734 (1993) (internal quotation marks omitted). Ellerby admits that this is

"a matter of first impression." Appellant Br. 1. He contends that the Government did not have a legitimate reason to use a "bargaining" tactic that would result in the sentencing court not formally considering the evidence and the arguments supporting his PSR objections. Beyond this contention, Ellerby's arguments are vague. He does not argue that the Government's conduct violated the Constitution nor does he point to any case law or statute that supports his argument that the Government's conduct is not related to a legitimate government end. He further does not contend that the Government's conduct amounts to prosecutorial bad faith or that it was an arbitrary decision. In order to meet the second limitation under the plain-error standard, Ellerby must show that the error was "clear under current law," which he has not done here. Olano, 507 U.S. at 734.[*]

---

[*] In addition to the error not being plain, Ellerby is unlikely to show that his substantial rights were affected and that a failure to cure such an error would seriously affect the reputation of the judicial system. See Olano, 507 U.S. at 732. Here, the district court forecasted its ruling on three of the four objections, finding that it was inclined to overrule the objections based on the evidence before it. Further, the district court did not address Ellerby's objection to the cocaine quantity because it was a "factual objection," and the substance of his objection to the quantity -- that the drug quantity was an overestimate -- would not necessarily have led the district court to discover the clerical error within the PSR (Cont.)

4

II.

Ellerby next argues that his trial counsel provided ineffective assistance when he misadvised Ellerby that a § 5K1.1 motion was sufficient to allow the court to order his sentence for knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count two), to run concurrent to his sentence for conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (count one). A sentence imposed for a conviction under 18 U.S.C. § 924(c), however, must run consecutive to any other sentence imposed. Generally, an ineffective-assistance-of-counsel claim is not cognizable on direct appeal, United States v. Baptiste, 596 F.3d 214, 216 n. 1 (4th Cir. 2010), and the Court will only grant Ellerby relief if "it conclusively appears from the record that counsel did not provide effective assistance," United States v. Martinez, 136 F.3d 972, 979-80 (4th Cir. 1998).

Ellerby claims that he has been prejudiced because he based his decisions to plead guilty and to withdraw his PSR objections on his attorney's erroneous advice. With respect to his decision to plead guilty, Ellerby does not direct the Court to

(using the word "grams" instead of "ounces" to describe the drug quantity for a "big 8").

5

any evidence within the record, not even a sworn affidavit that indicates his counsel misadvised him regarding his sentence prior to him entering into the plea agreement.

Even if the Court assumes that trial counsel did misadvise Ellerby prior to him entering a guilty plea, and that misadvice constitutes ineffective assistance, the district court cured any potential prejudice flowing from the ineffective assistance when it specifically admonished Ellerby twice that a sentence for count two would run consecutive to any other sentence imposed. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (finding that the defendant had not been prejudiced by counsel's misadvice regarding his sentence because the district court provided a "careful explanation" of the severity of the sentence). Accordingly, Ellerby cannot demonstrate that his Sixth Amendment rights were violated under these circumstances.

Similarly, Ellerby cannot show that he was prejudiced by counsel's misadvice that was given in deciding to withdraw his PSR objections. The record indicates that trial counsel may have misadvised Ellerby the night before the first sentencing hearing on January 7, 2011. Realizing that counsel may have misinformed Ellerby regarding his sentence, the district court granted a continuance for the specific purpose of allowing trial counsel the opportunity to look into whether pursuant to § 5K1.1, the district court had the authority to go below the

6

mandatory minimum in sentencing Ellerby and consult with Ellerby on whether he desired to withdraw his objections to the PSR in exchange for the sentence reduction pursuant to the § 5K1.1 motion. J.A. 74. At the second sentencing hearing, which occurred over ten months later, trial counsel did not object to the district court imposing consecutive sentences for counts one and two, and Ellerby received a § 5K1.1 sentence reduction. J.A. 93. Consequently, Ellerby cannot show that his counsel's initial confusion regarding the sentence for count two prejudiced him at his sentencing, ten months later, when the district court gave notice to Ellerby that count two's sentence must run consecutive to count one and afforded Ellerby time to reconsider his withdrawal of the objections.

## III.

For the foregoing reasons, the Court affirms Ellerby's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED