UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-5003

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

LONNIE EDWARD MALONE,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.  (1:07-cr-00037-JPJ-1)

Submitted:  April 10, 2012          Decided:  April 20, 2012

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wade T. Anderson, FRITH ANDERSON & PEAKE, P.C., Roanoke, Virginia, for Appellant.   Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Edward Malone pled guilty pursuant to a written plea agreement to possession of a short-barreled shotgun in furtherance of a drug trafficking crime and conspiracy to distribute fifty grams or more of methamphetamine. He was sentenced to a total of 330 months in prison (210 months on the conspiracy count and a consecutive 120-month sentence on the firearm count). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no viable grounds for appeal but questioning whether Malone's guilty plea and appellate waiver were knowing and voluntary. Neither the Government nor Malone has filed a brief. We affirm.

First, we note that the Government has not relied on the appellate waiver on appeal, and we do not raise such waivers sua sponte. Thus, we will not enforce the waiver to bar any meritorious claims. As such, we decline to address Malone's claim regarding the voluntariness of his waiver.

Turning to Malone's claim that his plea was unknowing and involuntary, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by

2

pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea and ensure that the plea did not result from force, threats, or non-plea agreement promises. Id.; United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilty is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Because Malone did not move in the district court to withdraw his guilty plea, the claim is reviewed for plain error.[1] See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). In the guilty plea context, to satisfy the plain error standard, the defendant must show inter alia that he would not have pled guilty but for that error. Id. at 532.

Malone contends that his plea was unknowing and involuntary because he reasonably believed that he was pleading guilty in exchange for a fifteen-year sentence. Malone avers that he lacked the capacity to understand that he was very unlikely to receive the mandatory minimum fifteen-year sentence (five years for the conspiracy, followed by a ten year

---

[1] Malone admits that, in general, the appropriate standard would be plain error; however, he contends that the "unique circumstances of this case require this Court to apply an abuse-of-discretion standard." Malone provides no citations supporting the conclusion that an abuse of discretion standard may be applied in certain cases of forfeited error. Accordingly, we reject his contention.

consecutive sentence on the firearm count) or to comprehend what length of sentence he realistically faced. In support, Malone cites to confusion regarding the charge to which he was pleading guilty, as well as his attorney's admitted failure to provide him with an estimate of a Guidelines sentence.[2]

In order to show that he was incompetent to plead guilty, Malone must show that "his mental facilities were so impaired . . . when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequence of the plea." United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974). While Malone only had a seventh grade education, limited ability to read and write, and a memory allegedly impaired by medication, both trial counsel and the district court were able to personally observe Malone and found him competent and able to understand the proceeding. At the Rule 11 hearing, Malone's responses were appropriate and reflected his ability to understand the questions. Malone's

---

[2] Malone's trial counsel averred that he and Malone had not discussed a probable Guidelines sentence and instead focused on the applicable mandatory minimum.

4

bald assertions to the contrary are insufficient to show error, much less plain error.[3]

Next, while there was some confusion at the Rule 11 hearing surrounding the count to which Malone was pleading guilty, it was attenuated from the discussion of mandatory and Guidelines sentences, which is what Malone claims he did not understand. Moreover, based upon our review of the Rule 11 transcript, the court was careful to clear up the confusion and ensure that Malone understood exactly the count and charges to which he was pleading guilty.

Finally, we address trial counsel's admissions that he did not provide Malone with even a rough estimate of the Guidelines range he faced. However, neither Rule 11 nor the Due Process Clause requires that a defendant be informed of a likely sentence. Instead, defendants must be made aware of the minimum and maximum sentences they face, as well as the applicability of the Sentencing Guidelines. Fed. R. Crim. P. 11(b)(1)(H), (I), (M). Malone was informed of all of these facts, and he stated that he understood. Most specifically, Malone agreed in his plea agreement that he could receive any sentence up to the

---

[3] Moreover, as discussed above, to show plain error, Malone would need to prove that, absent the error, he would have proceeded to trial. Malone has not provided any evidence that he would have foregone a guilty plea had he been aware that a fifteen-year sentence was not a probability.

statutory maximum.  At his Rule 11 hearing, Malone testified that he read, signed, and initialed each page of his plea agreement and that his attorney had explained its provisions to him.  See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (holding that Rule 11 testimony may not be repudiated if information by the court corrects earlier misinformation provided by attorney and defendant admits to understanding the court's advice); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").[4]

We conclude that Malone has failed to overcome his Rule 11 testimony that he understood that there were no guarantees as to the sentence he could receive.  As such, we conclude that his plea was knowing and voluntary.  Pursuant to Anders, we have reviewed the entire record in this case for reversible error and have found none.  Accordingly, we affirm the district court's judgment.

---

[4] Moreover, counsel's inaccurate sentencing predictions do not generally constitute ineffective assistance.  See United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995) (rejecting ineffective assistance claim by defendant who entered a guilty plea only upon erroneous assurances of counsel that he would not be considered a "career offender").

This court requires that counsel inform Malone in writing of his right to petition the Supreme Court of the United States for further review. If Malone requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Malone. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED