**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4753**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LEONARD MINCY, a/k/a Mike,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Glen E. Conrad, Chief District Judge.   (7:10-cr-00012-GEC-1)

———————

Submitted:  April 11, 2012          Decided:  May 23, 2012

———————

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Paul A. Dull, Roanoke, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard Mincy appeals his convictions for conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Specifically, he challenges the district court's denial of his motion to withdraw his guilty plea.[1] For the reasons that follow, we affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, he must show a "fair and just reason" for withdrawing his plea. Id.

---

[1] In his Statement of Issues, Mincy also included a challenge to his sentence, but provided no argument to support his claim. Accordingly, Mincy forfeited appellate review over this assignment of error. See Fed. R. App. P. 28(a)(9) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (conclusory assignments of error without supporting argument are insufficient to preserve a merit-based challenge to a district court's order on appeal); IGEN Int'l, Inc. v. Roche Diagnostics GmbH, 335 F.3d 303, 308 (4th Cir. 2003) (holding that a "[f]ailure to present or argue assignments of error in opening appellate briefs constitutes a waiver of those issues[,]" even when it appears the district court was wrong).

In determining whether Mincy has carried his burden, the court considers six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. Although all the factors in Moore must be given appropriate weight, the key in determining whether a motion to withdraw should be granted is whether the Fed. R. Crim. P. 11 hearing was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding was adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

We have reviewed the record in light of the Moore factors and conclude that Mincy has not carried his burden. The district court substantially complied with the mandates of Rule 11 in accepting Mincy's guilty plea, ensuring that Mincy's plea was knowing and voluntary and was supported by a sufficient factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Moreover, Mincy informed the district

3

court during the plea colloquy that he had not been threatened or coerced to plead guilty, and his statements at the plea hearing indicated that he entered the plea knowingly and voluntarily. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Additionally, Mincy has not asserted his innocence, there was a significant delay between the entry of the plea and the motion to withdraw the plea, and both the Government and the courts would be burdened by allowing him to withdraw his guilty plea.

Mincy argues that his expectation that he would not be sentenced as an armed career criminal establishes a fair and just basis for withdrawing his guilty plea. We disagree. Even accepting counsel's own argument that his representation was substandard because he erroneously concluded that his client would not qualify for the armed career criminal enhancement, Mincy acknowledged in his signed plea agreement that he knew he could face a mandatory minimum fifteen-year prison term if he was designated an armed career criminal. He acknowledged this possibility again under oath at the plea hearing before entering his guilty plea. He also confirmed under oath that no one had promised him a particular sentence. Based on our consideration

4

of the <u>Moore</u> factors, we conclude the district court did not abuse its discretion in denying the motion to withdraw the guilty plea.[2]  <u>See</u> <u>United States v. Foster</u>, 68 F.3d 86, 87-88 (4th Cir. 1995) (holding that counsel's inaccurate sentencing predictions generally do not constitute ineffective assistance).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] To the extent that Mincy asserts an independent argument that he was denied effective assistance of counsel, we conclude that the claim is not cognizable on direct appeal as the record does not conclusively show that counsel was ineffective.  <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).