**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4768**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TOBIAS ROMELL JACKSON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:11-cr-02073-TLW-1)

Submitted:  May 13, 2013        Decided:  May 16, 2013

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina; Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tobias Romell Jackson pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). On appeal, Jackson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review but questioning whether the district court substantially complied with Fed. R. Crim. P. 11 at Jackson's change of plea hearing and whether his sentence is reasonable. Jackson filed a pro se supplemental brief, arguing that the district court erred when it denied his motion to suppress and sentenced him as a career offender. Finding no error, we dismiss in part and affirm in part.

Jackson first argues that the district court erred when it determined that the Government did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures when police officers conducted an investigatory stop of his vehicle and searched it based on narcotics in plain view inside the car. Because Jackson entered a non-conditional guilty plea without the benefit of a written plea agreement, we hold that this claim is waived. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional

2

rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). "Thus, the defendant who has pled guilty has no non-jurisdictional ground upon which to attack [a] judgment except the inadequacy of the plea, or the government's power to bring any indictment at all." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) (internal quotation marks and citation omitted). The right to challenge on appeal a Fourth Amendment issue is a nonjurisdictional defense and thus is forfeited by an unconditional guilty plea. Haring v. Prosise, 462 U.S. 306, 320 (1983).

Next, we review Jackson's change of plea hearing to determine whether the district court substantially complied with the requirements of Fed. R. Crim. P. 11. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the nature of the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats. Fed. R. Crim. P. 11(b)(2), (3). "In reviewing the adequacy of compliance with Rule 11, this court

3

should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Upon review of the hearing, we conclude that the district court satisfied the requirements of Fed. R. Crim. P. 11.

Finally, Jackson challenges both the procedural and substantive reasonableness of his sentence. We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51.

Jackson contends that his sentence was procedurally unreasonable because the Government failed to file a notice of his prior convictions for the purpose of establishing Jackson's status as a career offender under United States Sentencing Guidelines § 4B1.1 (2011). However, the government is not required to notice convictions that it intends to use to enhance

4

a defendant's sentence under the Guidelines. See United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995). Jackson also argues that the district court should not have considered one of his prior convictions because he was in the process of challenging it in state court. Jackson does not claim that, at the time he was sentenced, the conviction had been invalidated by the state court. Therefore, he was not permitted to challenge it at sentencing. See Custis v. United States, 511 U.S. 485, 493-97 (1994). If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 522 U.S. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a)

factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

The district court based its sentence on the seriousness of Jackson's drug trafficking crime. That fact, together with Jackson's numerous repeat offenses, led the district court to impose its sentence based on the need to deter Jackson and other offenders while protecting the public. The district court accepted the recommendation of Jackson's counsel and imposed a sentence at the low end of the advisory Guidelines range. Therefore, applying the presumption of reasonableness that attaches to a within-Guidelines sentence, we conclude that the district court's sentence was substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Jackson's conviction and sentence. This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before this court and argument would not aid the decisional process.

AFFIRMED